[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Before the court are the plaintiff's three Motions for Summary Judgment in this foreclosure action addressed to defendants Susan Forte, the note obligor (maker), and Frank Forte (guarantor), and Forte Chiropractic Associates, a subsequent encumbrancer as tenant or leaseholder. The motions are unaccompanied by any affidavit or documentary evidence as to the valuation of the real estate and the movant reserved to time of CT Page 15030 later short calendar hearing the determination as to value.
Because the motions for summary judgment could not, at least at this juncture, obligate any defendant to an obligation to pay money damages, and could not result in judgment ordering either sale or strict foreclosure, the motions are denied.
Section 17-50 of the Rules of Practice authorizes interlocutory summary judgments to enter as to liability alone although there is a genuine issue as to damages. This procedure is followed by an "immediate hearing" to determine "the amount of the damages." Practice Book § 17-50.
It is very clear to this court that where there is no evidence as to the valuation of the property securing the mortgage debt, the security lien of which is being foreclosed, the procedure outlined in § 17-50 of the rules is inappropriate. By its terms, § 17-50 applies to legal actions resulting in a judgment against a defendant for at least nominal money damages. In money damages claims the liability fixed by the judgment is clear enough; it is the legal obligation to pay money to another.
However, a foreclosure action initially does not result in any legal obligation for a defendant to pay money. The subsequent encumbrancer, Forte Chiropractic Associates, is neither maker nor guarantor of the underlying note — so under the present pleadings it is impossible for it to have liability for money damages as a Motion for Summary Judgment as to liability made under § 17-50 contemplates. Foreclosure may never result in a judgment ordering defendant note obligors to pay damages. If the defendant is an obligor on the underlying note, the first judgment is either a judgment strictly foreclosing the lien and vesting title in the plaintiff as against the defendant note obligor and subsequent encumbrancers, if neither the defendant nor any defendant subsequent encumbrancer redeems by the law day or, alternatively, if there is substantial equity, a foreclosure by sale. Neither a judgment of foreclosure by sale nor strict foreclosure results in an order to a defendant obligor on the note to make payment of money damages to the plaintiff of the kind that § 17-50 contemplates precisely because the valuation of the premises on which the lien is foreclosed may satisfy the underlying mortgage debt.
General Statutes § 49-1, provides that CT Page 15031
 [t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure.
People's Bank v. Bilmor Building Corporation, 28 Conn. App. 809.
Only when the valuation of the premises taken is less than the debt owed is there a potential for money damages and then only if the plaintiff makes a timely motion for deficiency judgment. General Statutes § 49-31, People's Bank,id.
Additionally, there is no way without information on the equity to determine whether any judgment on liability should be a strict foreclosure or judgment ordering sale.
For all these reasons, the Motions for Summary Judgment are denied.
Because of the age of the plaintiff, the clerk is directed to assign the matter for trial forthwith.
Flynn, J.